**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

MICHAEL KEITH                                                                                    PETITIONER
Reg #30911-018

VS.                             CASE NO.: 2:12CV00180 DPM/BD

T.C. OUTLAW, Warden,
Federal Correctional Complex,
Forrest City, Arkansas                                                                       RESPONDENT

**RECOMMENDED DISPOSITION**

I.   **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

>Mail your objections and "Statement of Necessity" to:
>
>>Clerk, United States District Court
>>Eastern District of Arkansas
>>600 West Capitol Avenue, Suite A149
>>Little Rock, AR 72201-3325

**II.    Introduction**

On August 30, 2012, Michael Keith, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus (docket entry #1) under 28 U.S.C. § 2241. In the petition, Mr. Keith challenges his jail-credit calculation as determined by the Bureau of Priosons ("BOP"). Specifically, Mr. Keith claims that he is entitled to receive credit on his federal sentence for time he served on a Florida state sentence. (#2, at pp. 2-4) Respondent T.C. Outlaw has responded to the petition, arguing that Mr. Keith is not entitled to the credit he seeks. (#11)

After its initial review of the claim raised in this petition, the Court noted that Mr. Keith apparently raised exactly the same claim in an earlier habeas petition. See *Keith v. Outlaw*, 2:10CV113 DPM/BD (E.D.Ark. Nov. 29, 2010). For that reason, the Court ordered Mr. Keith to show cause why the pending petition should not be dismissed as an abuse of the writ. (#13) Mr. Keith has failed to show cause, and the time to do so has passed. For the reasons set forth below, the Court recommends that Judge Marshall dismiss the petition.

### III.     Discussion

This Court addressed the merits of the current claim in the previously filed habeas corpus petition, and Mr. Keith did not appeal that dismissal.  The claim here is the same as the claim raised his previous petition.

A petitioner abuses the writ of habeas corpus by raising a claim in a subsequent petition that he could have raised in his first petition.  *McCleskey v. Zant*, 499 U.S. 467, 489, 111 S. Ct. 1454, 1468 (1991)(citations omitted).  If the petitioner had a full and fair opportunity to raise the claim in the prior petition, then under the abuse-of-the-writ doctrine, the second-in-time petition raising the same claim is barred.  *Magwood v. Patterson*, 130 S. Ct. 2788, 2804-2805 (2010)(citations omitted).

In his prior petition, Mr. Keith challenged the Bureau of Prisons' decision not to award credit on his federal sentence for time served on his Florida state sentence.  *Keith v. Outlaw*, 2:10CV113 DPM/BD (E.D.Ark. Nov. 29, 2010).  In the pending petition, Mr. Keith challenges the Bureau of Prisons' decision not to award credit on his federal sentence for time served on his Florida state sentence.  (#1, at p. 4; #2)  This is an abuse of the writ, and Mr. Keith has failed to show cause why the Court should not dismiss this petition as abusive.

## IV.     Conclusion

As a result of this Court's previous determination regarding the same claim, Mr. Keith's current challenge to Respondent's computation of his federal sentence is barred. Accordingly, the Court recommends that the Judge Marshall dismiss Michael Keith's petition for writ of habeas corpus in its entirety, with prejudice.

DATED this 18th day of April, 2013.

_____
UNITED STATES MAGISTRATE JUDGE